IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FIRST RESTORATION, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-00813 |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY and DAVID | § | |
| MORGAN, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *First Restoration, Inc. v. Allied Property and Casualty Insurance Company and David Morgan*; Cause No. 017-294261-17, in the 17th Judicial District of Tarrant County, Texas.

## I.
## INTRODUCTION

1. Plaintiff First Restoration, Inc. initiated the present action by filing its Original Petition in Cause No. 017-294261-17, in the 17th Judicial District of Tarrant County, Texas, on August 29, 2017 (the "State Court Action").[1]

2. Allied appeared and answered on September 29, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2] To date, Defendant David Morgan has not been served.

---

[1] *See* **Exhibit A,** Plaintiff's Original Petition with citation.

[2] *See* **Exhibit B**, Defendant Allied Property and Casualty Insurance Company's Original Answer.

3.  Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4.  Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 17th Judicial District of Tarrant County, Texas.

5.  Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

**A.   Diversity of Parties**

6.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

7.  Plaintiff is a domestic for-profit corporation that is incorporated and maintains its principal place of business in the State of Texas.[4] Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Plaintiff is a citizen of the State of Texas.

---

[3] *See* **Exhibit A**, Plaintiff's Original Petition with citation at p. 1 ("Plaintiff is seeking monetary relief over $200,000, but not more than $1,000,000 in this matter").

[4] *Id.*

8.     Defendant Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Des Moines, Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Iowa.

9.     Defendant David Morgan is citizen of the State of Texas. However, Morgan's citizenship should be disregarded as he has been improperly joined to this action.[5]

10.    Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i.  *Improper Joinder*

11.    A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that it fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse.[6] Because Morgan is non-diverse, only the latter option is relevant.

12.    A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[7] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading

---

[5] *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[6] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[7] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

[8] *Id.*

[9] *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

standards to the asserted state court claim.[10] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.[11] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

13. In this case, Plaintiff has asserted causes of action against Morgan for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.[13] However, Plaintiff has employed form allegations that are not substantively tailored to the facts of the case and has failed to plead enough facts against Morgan to state a claim to relief that is plausible on its face.[14] Instead, Plaintiff's petition is riddled with conclusory allegations that fall below the federal pleading standards and/or track the statutory language of cited statutory provisions. Moreover, Plaintiff's failure to serve Morgan demonstrates that Plaintiff does not intend to actively pursue its claims against Morgan.[15] Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiff has failed to assert a claim to relief under Texas law against Morgan. As such, Morgan has been improperly joined to this action, and there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

---

[10]  See *Int'l Energy Ventures*, 818 F.3d at 200-08.

[11]  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12]  *Id.* at 570.

[13]  See **Exhibit A**, Plaintiffs' Original Petition with citation at ¶¶ VII and VIII.

[14]  *See id.*

[15]  See *Griggs v. State Farm Lloyds*, 181 F.2d 694, 699 (5th Cir. 1999).

4

14. Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $200,000, but no more than $1,000,000 in this matter."[16] Moreover, Plaintiff has pled that it specifically is seeking $319,065.56 in actual damages.[17] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

15. In its petition, Plaintiff further seeks compensation for (1) actual damages, (2) additional damages, (3) exemplary damages, (4) 18% penalty interest, (5) attorney's fees, (6) pre- and post-judgment interest, and (7) costs of court.[18] Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541 and the Texas Deceptive Trade Practices Act.[19] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[20]

16. The amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs.[21] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## IV.
## CONCLUSION

17. Plaintiff cannot establish a plausible basis on which to recover on its claim against Morgan based on the allegations in the petition. Accordingly, Allied asks that the Court find that Morgan was improperly joined and dismiss Plaintiff's claims against Morgan. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between

---

[16] *See* **Exhibit A**, Plaintiff's Original Petition with citation at p. 1.

[17] *Id.* at ¶ XI.

[18] *See* **Exhibit A,** Plaintiff's Original Petition with citation at ¶¶ XI to XIV.

[19] *See id.* at ¶¶ 84-95; Tex. Ins. Code § 541.152 and Tex. Bus. & Comm. Code §17.50(b)(1).

[20] *See H&D Tire & Automotive-Hardware, Inc.*, 227 F.3d at 330; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[21] *See* **Exhibit A**, Plaintiff's Original Petition with citation**.**

transparent
transparent
black

the properly joined parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

18.     WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

                                        Respectfully submitted,

                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail return receipt requested this the 10th day of October, 2017, to:

| | |
|---|---|
| Robert W. Loree<br>Loree & Lipscomb<br>The Terrace at Concord Park<br>777 East Sonterra Blvd, Suite 320<br>San Antonio, TX 78258<br>rob@lhllawfirm.com | ***9414 7266 9904 2061 9328 37*** |

                                              */s/ Patrick M. Kemp*
                                              Patrick M. Kemp