

# Notice of Service of Process

null / ALL
**Transmittal Number: 17122277**
Date Processed: 09/11/2017

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Joshua Schonauer<br>Cassandra Struble |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property and Casualty Insurance Company |
| **Title of Action:** | First Restoration Inc. vs. Allied Property and Casualty Insurance Company and David Morgan |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Tarrant County District Court, Texas |
| **Case/Reference No:** | 017-294261-17 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/11/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Loree & Lipscornb<br>210-404-1320 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION

Cause No. 017-294261-17

FIRST RESTORATION, INC.
VS.
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, ET

TO: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX 78701-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

FIRST RESTORATION INC

Filed in said Court on August 29th, 2017 Against
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, DAVID MORGAN

For suit, said suit being numbered 017-294261-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE a copy of which accompanies this citation.

ROBERT W LOREE
Attorney for FIRST RESTORATION INC Phone No. (210)404-1320
Address THE TERRACE AT CONCORD PARK 777 E SONTERRA BLVD STE 32

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 6th day of September, 2017

By _____
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *017294261170000020*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE having first endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

Cause No. 017-294261-17

FIRST RESTORATION, INC.

VS.

ALLIED PROPERTY AND
CASUALTY INSURANCE COMPANY, ET

ISSUED

This 6th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      LISA LETBETTER Deputy

---

ROBERT W LOREE
Attorney for: FIRST RESTORATION INC
Phone No. (210)404-1320
ADDRESS: THE TERRACE AT CONCORD PARK
    777 E SONTERRA BLVD STE 320
    SAN ANTONIO, TX 78258

*CIVIL LAW*



*01729426117000020*

SERVICE COPY

017-294261-17

FILED
TARRANT COUNTY
8/29/2017 2:06 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. _____**

| | | |
|---|---|---|
| **FIRST RESTORATION, INC.** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § § | |
| **v.** | § § | **\_\_\_\_ JUDICIAL DISTRICT** |
| **ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and DAVID MORGAN** | § § § § | |
| **Defendant** | § | **TARRANT COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, First Restoration, Inc., files this original petition complaining of Defendants, Allied Property and Casualty Insurance Company and David Morgan, in which Plaintiff is seeking monetary relief over $200,000, but not more than $1,000,000 in this matter. In support of its petition, Plaintiff would show this Honorable Court as follows:

### I. Parties, Venue, and Discovery Level

Plaintiff, First Restoration, Inc. (hereinafter "First Restoration"), is a Texas company and the insured of a building located at 1000 Enterprise Place, Arlington, Texas 76001.

Defendant, Allied Property and Casualty Insurance Company (hereafter "Allied"), is a foreign insurance company doing business in Texas that can be served by serving its registered agent Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

Defendant, David Morgan, is a Texas resident and an Allied insurance adjuster, who can be served at his place of employment at 2150 Lakeside Blvd., Richardson, Texas 75082.

The venue of this case is proper in Tarrant County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

### March 17, 2016 Wind and Hail Storm

First Restoration purchased property insurance from Allied (Policy No. ACP CPPP07236020342) to cover property damage to its building at 1000 Enterprise Place, Arlington, Texas 76001 for the policy period of March 15, 2016 to March 15, 2017. On or about March 17, 2016, during the subject policy period, a wind and hail storm damaged First Restoration building, especially its roof. First Restoration thereafter filed an insurance claim with Allied, who assigned it the claim number of 7842131479PE16031751.

Allied assigned one of its adjusters, Melvin "Cliff" Spiller, Jr. (hereafter "Spiller"), to investigate the loss and adjust the claim. On August 26, 2016, Mr. Spiller inspected First restoration's building. During the inspection, Spiller observed obvious storm damage to the property. At the recommendation of Spiller, Allied retained HVAC Investigators to investigate the storm damage to the HVAC units at the property. In a August 31, 2016 report, HVAC Investigators determined that two of the five HVAC units needed to be replacement due to the damage from the March 17, 2016 storm.

At the recommendation of Spiller, Allied also retained Haag Engineering (hereinafter "Haag") to inspect and report on the storm damage to First Restoration's building. Plaintiff believes that Allied and Spiller hired Haag because they know that Haag is biased for insurance

2

companies and will give them favorable, result-oriented reports on which they can either deny or low-ball claims for damage from windstorm and hail to an insured's property. Timothy P. Marshall (hereafter "Marshall") with Haag inspected the property on September 7, 2016. True to form, in his September 9, 2016 report, Marshall concluded that even though the roof panels sustained obvious hail impact damage, he found such damage to be cosmetic, which did not shorten the service life of the roof or compromise its water shedding capability. As an experienced adjuster, Mr. Spiller either knew or should have known that Haag had prepared a result-oriented report that did not properly address many of the storm damaged items at Plaintiff's building.

Suspecting that Allied was improperly adjusting and low-balling its storm damage insurance claim, First Restoration retained a Texas licensed public insurance adjuster, Brian Revere, to assist it with its insurance claim. At the recommendation of Mr. Revere, First Restoration had Larry Sanford of JL Roof Consultants (hereinafter "Sanford") inspect and report on the damage to its building from the March 17, 2016 storm. In a September 28, 2016 report and estimate, Sanford determined that the subject storm had caused damage to First Restoration's building, especially its roof. Sanford estimated the reasonable and necessary cost to properly repair this storm damage at $319,065.56.

Around this time, in a September 17, 2016 report, Allied prepared a low-ball storm storm damage estimate for the replacement cost amount of $28,122.77 and an actual cash value amount of $13,898.61. As an experienced adjuster, who conducted his own inspection of the property, Spiller either knew or should have known that these amounts were not enough to properly repair the extensive storm damage to First Restoration building. Obviously, First Restoration does not agree with this estimate and requested payment based on Sanford's estimate, which was refused. To date, Allied has failed to properly adjust First Restoration's claim and has not paid First Restoration for the proper repairs of the storm damage to its building as identified in the cost estimate from JL Consultants.

**March 29, 2017 Windstorm**

First Restoration also purchased a renewal insurance policy from Allied to cover property losses at 1000 Enterprise Place, Arlington, Texas 76001 for the policy period of March 15, 2017 to March 15, 2018 (hereafter "the 2017 policy"). On or about March 29, 2017, during the subject policy period, another storm caused additional damage to First Restorations' building. First Restoration reported this loss to Allied, who assigned it claim no. 924103-GE.

Allied assigned its adjuster, David Morgan (hereinafter "Morgan") to investigate and adjust this loss. Allied and Morgan retained Douglas Structure Engineers (hereafter "DSE") to inspect and report on the storm damage to Plaintiff's building. Plaintiff also believes that Allied and Morgan hired DSE because they know that DSE is biased for insurance companies and will give them favorable, result-oriented reports on which they can either deny or low-ball claims for damage from windstorm and hail to an insured's property. Kevin Rogers, P.E. (hereinafter "Rogers") with DSE inspected Plaintiff's building on April 11, 2017. True to form, in his April 13, 2017 report, Rogers concluded that then metal roofing system did not sustain any wind related damage and that none of the areas of water intrusion were the result of water penetration through storm-created breaches in the roofing system. As an experienced adjuster, Mr. Morgan either knew or should have known that DSE and its engineer Rogers had prepared a result-oriented report that did not properly address many of the items of windstorm damage to Plaintiff's building. As a result, Allied and Morgan wrongfully denied Plaintiff's March 29, 2017 windstorm damage insurance claim.

By their conduct, Allied and Morgan refused to pay Plaintiff's claim without conducting a reasonable investigation in violation of their duties under Section 541.060 of the Texas Insurance Code. They also failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of First Restoration's claims on which Defendants' liability had became reasonably clear again in direct violation of their duties under Section 541.060 of the Texas Insurance Code. Although Allied has made some payments towards both claims, it is not

4

enough to properly repair the storm damage to Plaintiff's building caused by both storms during the policy periods.

## V. Cause of Action for Breach of Contract

According to the insurance policies that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff policy benefits for claims made for damages to the property caused by windstorm and hail. The subject property was damaged by windstorm and hail during both storms, which damage is covered under Plaintiff's insurance policies with Allied. Allied has breached its contractual obligations and the subject insurance policies by failing to pay Plaintiff policy benefits for the cost to properly repair the storm damage to its building. Allied has also breached the contractual provisions on timely investigating, adjusting, and paying Plaintiff's claims for wind and hail damage. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

## VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

Allied's conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiff's storm damage insurance claims, Allied did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for its claims. As a result, Allied has violated Chapter 542 by failing to accept or reject Plaintiff's claims in writing within 36 days after receiving either actual or written notice of its claims. Allied has also violated Section 542.058 by failing to pay Plaintiff's claims within 75 days after it received either actual or written notice of the claims or within 60 days after any other applicable statutory period. In the event it is determined that Allied owes Plaintiff any additional monies, then Allied has automatically violated Chapter 542 of the Texas Insurance Code.

## VII. DTPA Causes of Action

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants Allied and Morgan under the provisions of the DTPA. Plaintiff has met all conditions

precedent to bringing these causes of action against these Defendants. Specifically, Allied's and Morgan's violations of the DTPA include, without limitation, the following matters:

A. By their acts, omissions, failures, and conduct that are described in this petition, Defendants Allied and Morgan have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claims, (2) their failure to properly investigate Plaintiff's claims, (3) their hiring of biased consultants to obtain result-oriented reports and estimates to assist the insurer in low-balling Plaintiff's storm damage insurance claims, and (4) their failure to properly pay Plaintiff's storm damage claims on which Defendants' liability had become reasonably clear;

B. As described in this petition, Defendants Allied and Morgan represented to Plaintiff that the subject insurance policies and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Defendants Allied and Morgan represented to Plaintiff that the subject insurance policies and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, Defendants Allied and Morgan represented to Plaintiff that the subject insurance policies and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Defendants would pay to repair the damages caused by hail and windstorm and by not doing so, Defendants have violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. Allied has breached an express warranty that the damage caused by windstorm and hail would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants Allied and Morgan are a producing cause of Plaintiff's damages that are described in this petition.

6

### VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants Allied and Morgan under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants Allied and Morgan have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus these Defendants' failures to properly investigate Plaintiff's claims. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property and loss rents on which their liability had become reasonably clear. They further include Defendants' hiring of biased consultants to obtain result-oriented reports to assist the insurer in denying Plaintiff's insurance claims. In addition, Defendants failed to look for coverage and give Plaintiff the benefit of the doubt. Specifically, Defendants Allied and Morgan are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverages at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time;

F. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Allied has have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's

damages that are described in this petition.

### IX. Causes of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Allied has breached its common law duty of good faith and fair dealing by denying in part and not fully paying Plaintiff's claims without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for such denials. Allied has also breached this duty by unreasonably delaying payment of Plaintiff's claims and by failing to settle Plaintiff's claims because Allied knew or should have known that it was reasonably clear that the claims were covered. This conduct of Allied is the proximate cause of Plaintiff's damages.

### X. Waiver and Estoppel

Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters previously sent to Plaintiff.

### XI. Damages

The above described conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair its property in the approximate amount of $319,065.56. Plaintiff is also entitled to recover the amount of its claims plus an eighteen percent per annum interest on that amount against Allied as damages under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

### XII. Additional Damages

Defendants Allied and Morgan have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

8

### XIII. Exemplary Damages

Allied's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Allied are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Allied for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

### XIV. Attorney's Fees

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

### XV. Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a *trial by jury* and also requests that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. Actual, economic, consequential, additional, and exemplary damages in an amount within the jurisdictional limits of the court;

2. The 18% per annum interest as damages under Chapter 542 of the Texas Insurance Code;

3. Reasonable attorneys' fees through trial and on appeal;

9

4. Pre-judgment and post-judgment interest as provided by law;

5. Costs of court; and

6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 East Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile: (210) 404-1310
Email: rob@lhllawfirm.com

By: _____
Robert W. Loree
State Bar No. 12579200

Attorney for Plaintiff



Tarrant County
Thomas A. Wilder District Clerk
Civil Division
100 N. Calhoun St., 2nd Floor
Fort Worth, TX 76196-0402

7015 0640 0002 0985 3523

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

ALLIED PROPERTY AND CASUALTY INSURANCE CO
B/S REG AGENT-CORPORATION SERVICE CO
211 E 7TH ST STE 620
AUSTIN TX 78701

017-294261-17 DP/LL/CM